NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAEL CRAMER, *Appellant*.

No. 1 CA-CR 22-0063
FILED 4-25-2023

Appeal from the Superior Court in Maricopa County
No. CR2020-001790-001
The Honorable Eartha K. Washington, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Dawnese C. Hustad
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Michael Cramer has advised the court that, after searching the entire record, she has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Cramer was given the opportunity to file a supplemental brief pro se but did not do so. This court has reviewed the record and found no reversible error. Accordingly, Cramer's convictions and resulting sentences are affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2** In early February 2019, the then 12-year old victim told a school employee that her grandfather was sexually assaulting her. The victim had lived with her grandfather (Cramer) most of her life. The school employee called the police. Forensic interviews of the victim revealed a long history of Cramer inappropriately touching the victim, starting when she was six years old. The incidents took place in Maricopa County. A nurse practitioner then conducted a sexual assault examination of victim.

**¶3** The State charged Cramer with five counts of sexual conduct with a minor, each a Class 2 felony and a dangerous crime against children (DCAC), and one count of furnishing obscene or harmful items to minors, a Class 4 felony. The charges referenced specific acts at various times from 2012 to 2019.[1]

**¶4** The State offered a plea agreement of seven to ten years in prison and lifetime probation with sex offender registration and treatment. Cramer rejected the plea, maintaining his innocence. Following a hearing, the court granted in part and denied in part the State's motion to admit

---

[1] Another count involving a different victim was severed on Cramer's motion and later dismissed without prejudice and is not at issue here.

evidence of Cramer's uncharged conduct with the victim. *See* Ariz. R. Evid. 404(c).

**¶5**         At trial, the victim testified to facts supporting the charges and the State played portions of the recorded forensic interviews. The State also called as witnesses the investigating detective, forensic interviewers, Cramer's wife and the nurse practitioner who performed the sexual assault examination. After the State rested, Cramer called his daughter (the victim's mother) to testify. Cramer also testified, maintaining his innocence. Cramer twice moved for a judgment of acquittal, which the court denied. *See* Ariz. R. Crim. P. 20. After closing arguments, and a day and a half of deliberations, the jury found Cramer guilty of the five counts of sexual conduct with a minor and not guilty of the one count of furnishing obscene or harmful items to minors.

**¶6**         At sentencing, after considering a pre-sentence report and other information provided, the court sentenced Cramer to 15 years each for four of the convictions and a term of life with the possibility of release after 35 years for the fifth. All the sentences are flat-time and consecutive. The court properly awarded Cramer 75 days of pre-sentence incarceration credit on the first conviction and imposed financial consequences.

**¶7**         This court has jurisdiction over Cramer's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2023).[2]

## DISCUSSION

**¶8**         The record shows that Cramer was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The court properly instructed the 12-person jury on the elements of the charged offenses, the State's burden of proof, Cramer's presumption of innocence and other applicable law. The record contains substantial evidence supporting the verdicts. The sentences imposed were within statutory limits. The award of presentence incarceration credit was accurate. From the court's review of the record, all the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## CONCLUSION

**¶9**　　　　This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Cramer's convictions and resulting sentences are affirmed.

**¶10**　　　　Upon the filing of this decision, defense counsel is directed to inform Cramer of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Cramer has 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:　AA